***********
The Full Commission reviewed the July 7, 2009 Order of Deputy Commissioner Stanback based on the record of the proceeding before the Deputy Commissioner and the briefs and oral arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives. Upon review of the evidence the Full Commission enters the following Order affirming the decision of the Deputy Commissioner:
This claim arises out of an admittedly compensable work-related back injury suffered by plaintiff on August 24, 2008. Defendant accepted plaintiff's back injury and have been paying benefits in accordance with the Workers' Compensation Act. Defendant directed plaintiff to Dr. David DuPuy of OrthoCarolina for treatment. Plaintiff requested a second opinion pursuant to N.C. Gen. Stat. § 97-27(b) with Dr. Domagoj Coric of Carolina Neurology Spine Associates. *Page 2 
Plaintiff subsequently filed an Emergency Medical Motion requesting that the Commission designate Dr. Coric as plaintiff's authorized treating physician. Defendant suggested that plaintiff's motion was premature as plaintiff needed to return to Dr. DuPuy to review Dr. Coric's treatment recommendations. Plaintiff's Motion was denied.
On April 23, 2009, Plaintiff filed a second Emergency Medical Motion seeking to have Dr. Coric designated as plaintiff's authorized treating physician. Defendant again suggested that the plaintiff should continue treatment with OrthoCarolina. Plaintiff's Motion was denied. On May 29, 2009 plaintiff appealed the denial of the Motion through the filing of a Form 33, Request that Claim be Assigned for Hearing. Deputy Commissioner Stanback heard the matter and rendered the decision that is the basis of this appeal.
Dr. DuPuy released plaintiff from treatment on December 29, 2008 with no permanent partial disability rating. Dr. Coric, as a result of his second opinion examination, recommended additional nonsurgical medical treatment focusing on medications. Dr. DuPuy reviewed the recommendation for additional treatment, neither disagreeing with Dr. Coric's recommendations nor endorsing those procedures. After plaintiff's second Emergency Medical Motion requesting that the Commission designate Dr. Coric as plaintiff's treating physician was denied, defendant offered treatment with Dr. Sarjoo Bhagia, a physiatrist with OrthoCarolina. Plaintiff was seen by Dr. Bhagia on June 25, 2009.
The Full Commission concludes based on the greater weight of the evidence that plaintiff is receiving appropriate medical care by physicians directed by the defendant. While Dr. Coric did not endorse Dr. Coric's recommendations, defendant referred plaintiff to Dr. Bhagia for further medical care. There is no evidence in the record to suggest that the treatment by Dr. Bhagia is inappropriate or inadequate to plaintiff's medical needs. "In case of a controversy *Page 3 
arising between the employer and employee relative to the continuance of medical, surgical, hospital or other treatment, the Industrial Commission may order such further treatment as may in the discretion of the Commission be necessary." N.C. Gen. Stat. § 97-25.
In the discretion of the Full Commission, IT IS THEREFORE ORDERED that the plaintiff's Emergency Motion is DENIED and plaintiff shall continue medical treatment with Dr. Bhagia.
Each party shall pay their own costs.
S/___________________ DANNY LEE MCDONALD COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER

 *Page 1